BEFORE THE FIRST DIVISION, MAY 20, 1963

No. 67732.—Esso Export Corp. et al. v. United States, protests 181632–K, etc. (Baltimore, Philadelphia, Boston, Bridgeport, Charleston, Norfolk, Portland, Maine; Providence, Savannah, Tampa, Wilmington, and New York).

OLIVER, Chief Judge: The protests enumerated in schedule "A," hereto attached and made a part hereof, relate to various shipments of fuel oil derived from petroleum, that is a product of the Kingdom of the Netherlands, including its overseas territories.

On the ground that annual quota amounts, which included crude petroleum, topped crude petroleum, and fuel oil derived from petroleum, allocated by virtue of the Presidential proclamation relating to the trade agreement with Venezuela, T.D. 50015, 75 Treas. Dec. 165, to the Kingdom of the Netherlands, including its overseas territories, had been exhausted at the times of importation of the shipments here in question, the collectors of customs at the various ports, where the

shipments involved herein were entered, took import tax at the rate of ½ cent per gallon on the said importations under section 3422 of the Internal Revenue Code of 1939, as modified by the Presidential proclamation relating to the General Agreement on Tariffs and Trade, T.D. 51802, 82 Treas. Dec. 305.

Plaintiffs claim that the customs authorities erred in interpreting the applicable law in that, at the times of the importations at bar, the quota amounts did not include fuel oil, but only crude petroleum, and that the quotas so calculated had not been exhausted. Consequently, plaintiffs contend the fuel oil should have been assessed with duty at the rate of ¼ cent per gallon under said section 3422, as modified by the said T.D. 51802.

In a stipulation of submission, counsel for the respective parties limited the said protests "to 30 per centum of the quantity of merchandise imported on each of the entries involved" and abandoned the protests "as to the remainder of the merchandise."

Substantially the same merchandise, involving the same issue as that presented herein, was the subject of this court's decision in *Esso Standard Oil Company* v. *United States*, 48 Cust. Ct. 54, C.D. 2314, the record in which case was incorporated herein by consent.

Following the statutory construction invoked in the *Esso Standard Oil Company* case, *supra*, we hold the commodity in question, in the amount of 30 per centum of the quantity of merchandise imported on each of the entries involved herein, to be properly dutiable at ¼ cent per gallon under section 3422 of the Internal Revenue Code of 1939, as modified by T.D. 51802, as claimed by plaintiffs. As to the remainder of the merchandise, the protests are dismissed.

Judgment will be rendered accordingly.